# Morales v. Rivera.

## Apelación procedente de la Corte de Distrito de Humacao.

No. 127. Resuelto en Mayo 19, 1905.

Divorcio.—Trato cruel é injurias graves.—El trato cruel y las injurias graves constituyen causa suficiente para solicitar el divorcio, de acuerdo con las prescripciones del art. 164 del Código Civil.

Id.—Se entiende por injuria grave, á los efectos del divorcio, la imputación de un vicio ó falta de moralidad, cuyas consecuencias puedan perjudicar considerablemente la fama, crédito ó intereses del agraviado.

Id.—Pensión alimenticia.—Decretado el divorcio á instancias de la mujer, si ésta careciere de medios para vivir, el Tribunal puede asignarle pensión alimenticia de los bienes que sean propiedad del marido, la que no debe exceder de la tercera parte de las rentas de aquéllos.

Id.—El hecho de despedir el marido á su esposa, de la casa conyugal, en la mañana siguiente á la noche de su boda, entregándola á un amigo para que la condujera á su casa y entregara á sus padres, bajo el pretexto injustificado de no haberla encontrado doncella, al consumar el matrimonio, además de ser la más afrentosa injuria que puede inferirse á una mujer honrada, constituye el trato cruel, que como causa de divorcio señala el Código Civil.

Pruebas.—Denegación.—Aunque la denegación de una diligencia de prueba puede dar lugar á la revocación de la sentencia en apelación, para ello es necesario que la prueba denegada sea admisible, según las leyes, y que su exclusión haya podido producir indefensión.

Id.—Reconocimiento judicial.—El reconocimiento judicial solo procede en los casos en que para el esclarecimiento y apreciación de los hechos, sea necesario que el Juez examine por sí mismo los lugares ó las cosas objeto de la contienda judicial.

Id.—Divorcio.—El reconocimiento judicial de la mujer, en una demanda de divorcio, no es procedente con arreglo á las leyes que regulan la práctica de tal reconocimiento, y resulta, además, un acto ofensivo á la dignidad de la mujer y contrario á la decencia, por lo que no incurre en error el Tribunal que rechaza la práctica de tal prueba.

Id.—Indefensión.—Para que el Tribunal Supremo pueda resolver si la Corte inferior incurrió en error al denegar la suspensión del juicio, solicitada por el apelante, por la falta de comparecencia de varios testigos al mismo, es necesario que consten en los autos, los elementos suficientes para juzgar de la importancia de las declaraciones de los referidos testigos, y poder determinar hasta qué punto la falta de dichas declaraciones haya podido causar la indefensión.

Costas.—Las costas deben imponerse siempre á la parte cuyas pretensiones fueron totalmente desestimadas.

## EXPOSICIÓN DEL CASO.

En los autos del juicio declarativo seguido en el extinguido Tribunal del Distrito de Humacao entre partes de la una Da. Catalina Morales García, como demandante y de la otra su esposo Don Gregorio Rivera y Echevarría,

como demandado, sobre divorcio; autos pendientes ante
Nos á virtud de recurso de apelación establecido por la
representación del demandado contra la sentencia pro-
nunciada por el referido Tribunal, la que transcrita lite-
ralmente dice así:

"Sentencia.—En la ciudad de Humacao á los treinta días del mes
de Junio de mil novecientos tres, Vistos en juicio oral y público estos
autos de juicio declarativo seguidos entre partes de la una Doña Ca-
talina Morales y García, natural y vecina de Gurabo, casada, defen-
dida por el Letrado Don José de Guzmán Benítez y de la otra como
demandado Don Gregorio Rivera y Echevarría, mayor de edad, ca-
sado, vecino de Gurabo, representado por el Letrado Don Rafael Ló-
pez Landrón y el Ministerio Fiscal, sobre divorcio.—*Primer Resul-
tando*:—que el Licenciado Don José de Guzmán Benítez, en represen-
tación de Da. Catalina Morales y García, natural y vecina de Gura-
bo, casada, y mayor de edad, presentó demanda declarativa contra
Don Gregorio Rivera Echevarría, de la misma vecindad, solicitando
que se declarara el divorcio de su representada y el Rivera, y Roto y
disuelto el vínculo matrimonial entre ambos condenándose al Rivera
á entregar todos los meses anticipadamente á la actora mientras per-
manezca soltera la cantidad de cien dollars como pensión alimenti-
cia, cuya pensión deberá quedar garantizada con hipoteca sobre los
bienes inmuebles del demandado, quien además deberá pagar las cos-
tas fundándose en los siguientes hechos:—que Don Gregorio Rivera
Echevarría y Da. Catalina Morales y García, mayores de edad y ve-
cinos de Gurabo contrajeron matrimonio en dicho poblado entre doce
y media y una de la madrugada del 22 de Septiembre de 1902; ce-
lebrado el matrimonio marcharon los desposados á la casa de Rivera
acompañados por amigos y parientes y una vez sólos, procedieron á
ocupar el lecho nupcial donde rindió Da. Catalina el débito conyugal
á su marido cual esposa fiel á sus deberes, sintiéndose feliz de ofre-
cer á su esposo la pureza de su alma y la virginidad de su cuerpo como
consagración de una vida llena de virtudes que desde la niñez le gran-
gearon la admiración y el cariñoso respeto de todos lo vecinos de Gu-
rabo: que momentos ántes de consumar el acto carnal, el marido ex-
ploró los órganos sexuales de la esposa introduciéndole fuertemente
dos ó tres dedos ocasionándole agudo dolor y hemorragia por haber
llegado sin duda alguna á rasgar el himen, después la poseyó por com-
pleto, ocasinándole los accidentes que son peculiares á la pérdida de
la virginidad. Después de consumado el coito y luego de haber des-

cansado unos minutos al lado de la esposa, D. Gregorio Rivera le dijo
que ella no era una mujer honrada pués no estaba virgen y que se mar-
chase para su casa: Don Gregorio Rivera insistió en su aberración y
sin parar mientes en el escándalo que producía mandó llamar inme-
diatamente á Don Eustoquio Díaz y á Don Isidoro Hernández, sus
amigos íntimos, para que pusiesen en conocimiento de Don Antonio
Rodríguez González, padre político de la esposa, tan inesperado su-
ceso que había de turbar por siempre la paz y la tranquilidad de
aquélla distinguida y honradísima familia; á la cuatro y media de la
mañana se apersonaron los Sres. Díaz y Hernández en la casa de la
familia de Da. Catalina Morales despertaron á Don Antonio Rodrí-
guez y le comunicaron la tristísima noticia, que le pareció absurda é
increíble. Trasladóse inmediatamente el Sr. Rodríguez á la casa de
los desposados y cuando se cercioró de que en realidad Rivera repu-
diaba á su hija y cuando después de una escena indescriptible en-
tre el padre y la hija á presencia de los que allí se encontraban incluso
el esposo, ratificó el convencimiento profundo de la inocencia de aque-
lla mujer pura y honrada, volvió á su hogar para dar á su esposa
Da. Luisa García madre de Catalina la terrible noticia de tan doloroso
accidente; á las cinco de la mañana y cuando ya la mayor parte de
los vecinos de Gurabo habían abandonado el lecho y unos discurrían
por las calles y discurrían y se hallaban en los balcones de las casas
solicitada su atención por el movimiento de las personas que intervi-
nieron en estas escenas; salió Da. Catalina Morales y García repu-
diada por su esposo y acompañada por D. Eustoquio Díaz y Don
Isidoro Hernández para ser conducida al hogar paterno y entrega-
da como lo fué á sus padres: repuesta Da. Catalina de la impresión
que semejante desventura le causara y ganosa de reivindicar su ho-
nor y el de su familia, tan injustamente vulnerados, procediendo
de acuerdo con la voluntad de sus padres, decidió someterse inmedia-
tamente al exámen de los facultativos que emitiesen una opinión cien-
tífica respecto á su estado de virginidad en la noche de su matrimo-
nio. Fué examinada por los Médicos D. Manuel Jimenez Cruz, y Don
José Barreras quienes á pesar de la íntima amistad con Gregorio Ri-
vera, hubieron de dictaminar en sentido favorable á la virginidad
de mi patrocinada aunque su dictámen resultó deficiente bajo el pun-
to de vista científico. Pero, no satisfecha con esto y deseosa de apu-
rar hasta lo último cuanto pudiera hallarse al alcance de la inves-
tigación científica más exigente, se constituyó Da. Catalina en San
Juan acompañada de su padre y de un hermano en esta Ciudad, re-
quirió el exámen de los prestigiosos facultativos Doctores Don José

Ordoñez, Don Esteban Saldaña y Don Manuel Figueroa quienes después de un detenido reconocimiento practicado el día veinte y siete del mismo Septiembre, ó sea cinco días posteriores al matrimonio, y mediante razonamientos científicos fundados en el estado de los órganos sexuales, vinieron á la conclusión de que sin duda de ningún género Da. Catalina Morales y García estuvo virgen hasta el domingo veinte y uno de Septiembre de mil novecientos dos, toda vez que no presentaba cicatrices ni otros signos que permitieran suponer que la desfloración hubiese podido tener lugar con anterioridad á la fecha indicada. Así resulta comprobado con la certificación expedida por dichos facultativos en el día veinte y siete de Septiembre de mil novecientos dos, que fué ratificada en todas sus partes bajo juramento ante el Juez Municipal del Distrito de la Catedral en nueve del corriente mes. según acta á continuación de la misma certificación. Si bien Da. Catalina Morales está amparada en casa de su padre político Don Antonio Rodríguez y su esposa Da. Luisa García, quienes siempre han atendido esmeradamente á sus necesidades personales, ella carece de bienes suyos, por lo que afirmo que mi cliente no cuenta con recursos propios para vivir. Don Gregorio Rivera Echevarría ejerce el comercio en el pueblo de Gurabo; además es propietario de cuatro casas mercancías, ganado, créditos diversos y efectivo en un valor declarado en su planilla del corriente año número 278 de diez mil doscientos cincuenta y dos dollars, aunque por la renta que percibe de su capital debe asignarse á sus bienes una valoración de veinte mil pesos ya que dicha renta no baja de tres mil seiscientos pesos anuales y que su cliente ha intentado acto de conciliación.—*Segundo Resultando*:—que en la demanda además se solicita por otrosies que se anote preventivamente en cuanto á la hipoteca cuya constitución solicita para garantizar la renta de cien dollars mensuales anticipadas á Da. Catalina Morales, expidiéndose el correspondiente mandamiento para que dicha anotación preventiva sea tomada sobre las casas relacionadas en la certificación de que deja hecho mérito, y dirigiéndose dicho mandamiento al Registrador de la Propiedad de Cáguas: y que se requerirá al demandado para que sin excusa ni pretexto alguno consigne en poder de su cliente la cantidad de cien dollars cada mes en concepto de alimentos provisionales que deberá abonar anticipadamente y á contar desde la fecha de esta demanda á tenor de lo dispuesto en el art. 217 del Código Civil.—*Tercer Resultando*:—que con la demanda se acompañó la partida de nacimiento de la actora, certificación del Juez Municipal de Caguas, creditiva del matrimonio de la actora con Don Gregorio Rivera, la certificación expedida por los facul-

tativos Ordóñez, Saldaña y Figueroa á que se refiere la demanda, una certificación expedida por el Tesorero de Puerto Rico relativa á los bienes declarados por el Sr. Rivera y copia certificada del acto de conciliación intentado por la Da. Catalina ante el Juez Municipal de Cáguas.—*Cuarto Resultando*:—que por providencia de veinte y cinco de Octubre de mil novecientos dos, se admitió la demanda dándose traslado de ella al Sr. Fiscal y á Don Gregorio Rivera Echevarría para que dentro de veinte días improrrogables comparezcan y la contésten, mandando tomar anotación preventiva de dicha demanda y librar el correspondiente mandamiento al Registrador de la Propiedad de Cáguas para que ponga la oportuna nota al margen de las inscripciones de las casas y accediéndose además á lo pedido en el segundo otrosí.—*Quinto Resultando*:—que emplazado el Sr. Fiscal y librada carta-órden al Juez Municipal de Caguas, se requirió á Don Gregorio Rivera para que á contar desde el diez y siete de Octubre consignara por anticipado y en poder de Da. Catalina Morales la cantidad de cien dollars mensuales, manifestando el requerido que le era imposible cumplir la obligación que se le impone por carecer en absoluto de bienes, puesto que los que poseía los enagenó en favor de sus acreedores.—*Sexto Resultando*:—que en escrito de doce de Noviembre último el Ldo. Don Rafael López Landrón á nombre de Don Gregorio Rivera Echevarría solicitó que se le admitiera, por vía de reconvención, contra demanda de divorcio, y en definitiva se declarara: que Da. Catalina Morales y García es cónyuge culpable de injurias graves á su marido por haberse supuesto honesta y virgen para contraer matrimonio en concepto de soltera: que no le incumbe á ella el ejercicio de la acción de divorcio sino á su esposo ofendido: que no le corresponde á ella ninguno de los derechos que el Código asigna al cónyuge inocente, sino todas las obligaciones que la legislación impone al cónyuge culpable: disuelto el vínculo matrimonial entre Don Gregorio Rivera Echevarría y Da. Catalina Morales y García para todos los efectos legales, con expresa imposición de las costas del litigio á la Sra. Morales, fundando su pretensión en los siguientes hechos: era de humilde condición en el pueblo de Gurabo la joven Catalina Morales y García, honesta y reputada la familia, acaso su misma probreza daba realce á los ojos del pretendiente de miras nobles y elevadas, á los atractivos de la edad, de la fisonomía y de la modestia del continente, no había llegado Catalina á los veinte y dos años cumplidos, no había salido de la condición de hija de familia vigilada y sujeta por entonces á celosa inspección paternal, cuando, interesándose por ella Don Gregorio Rivera Echevarría, hombre de conducta irreprochable.

maduro en reflexión por sus años, viudo de Da. Matea Morales, muy ajeno á los devaneos y pasatiempos de la juventud, hízola cortejo amoroso con miras nupciales, no había razones serias que se presentasen para oponerse á aquellos amores. Si había tenido la pretendida Catalina algunas otras relaciones amorosas no lo supiera decir á fé cierta mi cliente. Con la venda del amor puesta sobre los ojos lo más que podía afirmar entonces, como afirmo ahora, es que, en su opinión, si ella no tuvo jamás otras relaciones fué en tanto que no las tuvo conocidas para él. Más sea de ello lo que fuere, D. Gregorio, Rivera Echevarría en sus crecientes entusiasmos removió todas las pequeñas dificultades que pudieron presentarse para la celebración de las nupcias. Si la prometida era pobre, hacíala su compañera é igual en posición. Si su pobreza extremada no le permitió ingeniarse los pequeños recursos que cuesta la documentación personal, su pretendiente le evitó estos afanes, satisfaciendo gustoso y expontáneo todos los gastos. Si ella carecía del ajuar más sencillo y primario para las nupcias, él la dotó de ropas y atavíos y colmándola de día en día durante los dos meses y medio de relaciones amorosas, de obsequios, agasajos y presentes no correspondidos, apresuró la celebración del himeneo, aquietando sin sospechas ni suspicacias una cierta pasiva resistencia de la familia y de la prometida, las cuales pedían tregua, aplazamientos, dilaciones, á revés de la que suele suceder en estos casos, á pretexto y razón de ser precoz ó prematura para el matrimonio la joven Catalina, ello es, que en la madrugada del día veinte y dos de Septiembre del corriente año contrajeron matrimonio canónico en Gurabo Don Gregorio Rivera y Echevarría y Da. Catalina Morales García. Los esposos Don Eustoquio Díaz y Doña Dolores Ramírez, propietarios y vecinos del pueblo, fueron protectores del enlace como padrinos y presenciaron las nupcias, agasajando á la novia; eran como las tres menos cuarto de la mañana del veinte y dos de Septiembre cuando los desposados se retiraron á la morada conyugal. Allí habitaban los niños del primer matrimonio de Don Gregorio, José de quince años, Juana de trece, Gregorio y Margarita. A ellos había de servir de ejemplo y consejera Da. Catalina Morales García. Allí tenía ella preparada para su servicio de confianza á Paula Quiñones y al mozo Cecilio Unier que completaba el servicio doméstico: pero ved ahí que retirada á la alcoba conyugal, hace al marido revelaciones tremendas. Ciego el amor como lo pintan, ofuscados en sus raptos pasionales, se apercibe á través de su venda del engaño en que se le había sorprendido. La modesta, la recatada,

la tímida, la ideal Catalina, apareció pronto real y verderamente tal y como había sido en sus intimidades secretas. Sin ninguno de los signos exteriores de la Venus de Milo, ni de ninguna otra virgen soñada ó materializada, no podía ofrecer sino una virginidad muy marchita y deshecha por el trato carnal frecuente é inveterado. No era posible disimular tamañas evidencias al descubierto. Se falsifican los modales si se quiere. Se imita en la comedia de la vida la distinción de la inocencia. Las virtudes todas pueden hasta cierto punto brillar en un exterior de precauciones Pero simular á un mismo tiempo en la intimidad, al tacto y al contacto todas las primicias de cuerpo y de alma de la virgen casta, no es para que un hombre maduro y reflexivo de juicio sereno pueda soportarlo. Así que el Sr. Rivera comprendió desde aquellos instantes vergonzosos que no era doncella la que recibía en su lecho: quien sabe si la manceba de algún ladrón furtivo de la honra de las familias; que Catalina no era la virgen desposada sino la desposada amante de otro; que todo en ella era juventud ajada, sagacidad y astucias sorprendidas, ignominia y conflicto en aquel duro trance algún esposo montado en cólera se hubiera entregado á las iras de la venganza dejándose arrebatar de temperamentos brutales. Pero no fué así, D. Gregorio Rivera Echevarría recuperando inmediatamente el imperio de sí mismo, refrescó su mente en la serenidad de ideas reflexivas y tomó partido; pero optando en aquel mismo instante por la determinación más compatible con la debilidad de la mujer y la fortaleza del hombre, procuróse la calma de las buenas formas sin menoscabo de la energía de la vindicación; devolvió la esposa á la casa de sus padres; restituída al padrino, la devuelve al hogar de sus padres. Pero algunos momentos antes de ser despedida de la casa conyugal, ya á las puertas, asida de las manos del ofendido esposo, deja escapar estas palabras de arrepentimiento y confesión: "Venga á acá que le voy á decir la verdad y V. me perdona. Yo fuí desgraciada á la edad de diez ú once años, estando en la escuela, por un hijo de la profesora." Devuelta allí Da. Catalina Morales y García, su padrastro D. Antonio Rodríguez llamó en su auxilio á dos facultativos de su intimidad y confianza; Don José Barreras, su estrecho amigo, y D. Manuel Jiménez Cruz mal avenido con mi cliente, para que explorasen y vieran por sí mismos la virginidad apreciándola por todos sus signos exteriores. Con ocasión de ese llamamiento ambos facultativos fueron á visitar á Don Gregorio Rivera, el mismo día de su matrimonio. Habían reconocido á Da. Catalina y afirmaban que no podían apre-

ciar el tiempo que dejó de ser virgen. El Dr. González, hermano de Don Antonio Rodríguez, departiendo con la sinceridad y franqueza del caballero, aseguró haber oído al Dr. Jiménez Cruz manifestar después del reconocimiento, que él no juraba que la Srta. era moza el día del casamiento; fué trasladada Da. Catalina á San Juan y reconocida por otros facultativos privadamente, emitieron una opinión tendente á demostrar el día y hasta la hora nada menos en que debió ser desflorada Da. Catalina Morales García; pero esos facultativos no definen el color de la vulva, la dilatación susceptible de la vagina, si hay magullamiento en los grandes y pequeños labios, si hay en ellos y en lo que fué el himen semilunar rubicundez, sonrosado matiz, lijera palidez ó amoratamiento ya cárdeno de órganos plegadizos y contraídos que anunciasen usos y abusos frecuentes de placeres carnales. Dicen aquellos facultativos de la Capital que hay erosiones de fecha reciente en la fosa navicular, tonicidad de la vagina recién dilatada, solución de la totalidad del himen con bordes no cicatrizados que dan alguna sangre cuando se los separa, un tanto desplegados los grandes labios y otras señales tan ambiguas como éstas, que lo mismo acusan la desfloración reciente que remota; y de huellas tan ambiguas suponen, afirman y declaran que Da. Catalina Morales y García estuvo virgen hasta el domingo veinte y uno de Septiembre, precisamente sin que pudiera suceder que la desfloración se hubiera verificado antes de esa fecha. Estos juicios se dieron seis días después de celebrado el matrimonio y de vivir la desposada en la casa de sus padres; no he de lisongearme invadiendo el extraño campo de la ciencia para refutar tan deficientes opiniones, corresponde este brillante éxito á otros facultativos menos amigos de la casa de Da. Catalina. Digan ellos, examinando todos los signos completos de la virginidad reciente ó lejanamente perdida, si es posible simular la ternura y morbidez, el sonrosado y colorido de las doncellas, en el semblante, en el seno y en las regiones genitales. Y la inspección ocular de los mismos jueces auxiliados de las indicaciones del marido, de sus abogados, y sus médicos, demostrarán con toda la evidencia de los ojos y del tacto que donde los signos absolutos de la doncella faltan, sobran todos los de la antigua casada.—*Séptimo Resultando*: que por providencia de veinte de Noviembre se dió traslado de la reconvención á las partes contrarias por término de tres días entregándoles la copia del escrito, cuyo traslado fué evacuado en veinte y nueve de Noviembre por el Letrado Don José de Guzmán Benítez, representante de Da. Catalina Morales García, negando todos los hechos del referido escrito de reconvención, soli-

citando se desestimara aquélla resolviendo de acuerdo con la demanda con las costas al demandado.—*Octavo Resultando*: que por providencia de dos de Diciembre último se convocó á las partes á una comparecencia para proponer pruebas y en este acto que tuvo lugar el veinte y dos del citado mes á las tres de la tarde, comparecieron los Letrados D. José R. Aponte en sustitución de Don José Guzmán Benítez, defensor de Da. Catalina Morales, y D. Tomás Bernardini de la Huerta en sustitución de Don Rafael López Landrón, defensor de Don Gregorio Rivera Echevarría, proponiendo el primero la documental privada, pericial, confesión y testifical, y el segundo la de la de confesión, testifical y el reconocimiento judicial de Da. Catalina Morales, ilustrado por el dictámen de peritos, á presencia del Tribunal, cuyas pruebas fueron declaradas pertinentes, señalándose día para que se pusieran de acuerdo las partes sobre el nombramiento de peritos y para la celebración del juicio oral.—*Noveno Resultando*: que el día señalado para el juicio oral comparecieron á dicho acto el Letrado Don Jacinto Texidor en representación de la parte actora y el Letrado Sr. López Landrón en representación del demandado, y practicada la prueba de confesión de Don Gregorio Rivera se procedió á la práctica de la testifical siendo examinados los testigos Carmen Quijano, Juan R. Quiñones, Pedro González García, Bernardino Echevarría, Dr. Manuel Jiménez Cruz, José Eustoquio Díaz, Paula Quiñones, Cecilio Unier, Dr. José Barreras, Deogracias Marcano, Serafín Flores, Bartolo Alejandro y Dr. Manuel Figueroa, suspendiéndose el acto para continuarlo á las dos de la tarde.—*Décimo Resultando*: que reanudada la sesión presentes los representantes de las partes y practicada la confesión de Doña Catalina Morales pidió el Letrado Sr. López Landrón se pasara á la inspección ocular á lo cual se opuso el Letrado Sr. Texidor, porque la interesada no se prestaba, resolviendo el Tribunal que sin el consentimiento de Doña Catalina Morales no se podía practicar la diligencia y como ella y su Letrado no lo permitieron se le ordenó se retirara, y después de haber hecho los Letrados defensores las alegaciones que estimaron pertinentes se votó la sentencia terminándose el acto.—*Décimo primero Resultando*: que en la tramitación de este juicio se han observado las prescripciones legales.—*Visto*, siendo Ponente para la redacción de esta sentencia el Sr. Juez Asociado Mr. Charles E. Foote.—*Primero Considerando*: que según el art. 164 del Código Civil revisado es causa de divorcio entre otras el trato cruel ó las injurias graves.—*Segundo Considerando*: que constituye injuria grave la imputación

de un vicio ó falta de moralidad cuyas consecuencias puedan perjudicar considerablemente la fama, crédito ó interés del agraviado. *Tercer Considerando*: que por la prueba practicada se ha demostrado de una manera clara y evidente, que Don Gregorio Rivera y Echevarría ha injuriado gravemente á su esposa la misma noche de su matrimonio tratándola además con crueldad y por lo tanto procede declarar con lugar la demanda.—*Cuarto Considerando*: que el vínculo del matrimonio se disuelve entre otras causas por el divorcio legalmente obtenido y que este lleva consigo la ruptura completa de dicho vínculo según los artículos 163 y 173 del Código Civil revisado.—*Quinto Considerando*: que si la mujer que ha obtenido el divorcio no cuenta con suficientes medios para vivir, la Corte de Distrito puede asignarle alimentos discrecionales de los bienes que sean de la propiedad del marido sin que pueda exceder la pensión alimenticia de la tercera parte de la renta de aquellos.— *Sexto Considerando*: que las costas se impondrán siempre á la parte cuyas pretensiones fueren totalmente desestimadas.—*Vistos* los artículos citados y los 358 y 371, y siguientes de la Ley de Enjuiciamiento Civil.—*Fallamos*: que debemos declarar y declaramos con lugar la demanda de divorcio interpuesta por Da. Catalina Morales García contra Don Gregorio Rivera Echevarría y en su virtud roto y disuelto el vínculo matrimonial que los unía, condenando al demandado á entregar todos los meses anticipadamente á la Sra Morales García la suma de cien dollars como pensión alimenticia definitiva, determinándose que si dicha suma excediese de la cuarta parte de las rentas del esposo Sr. Rivera, quedará reducida dicha pensión á la expresada cuarta parte, con imposición de todas las costas al referido demandado.—Así por esta nuestra sentencia lo pronunciamos, mandamos y firmamos.—Salvador Fulladosa.—Ramón Quiñones.—Charles E. Foote.''

*Resultando* que contra esta sentencia interpuso apelación le representación del demandado D. Gregorio Rivera y Echevarría, que le fué admitida libremente y en ambos efectos, y que elevados los autos á esta Superioridad con citación y emplazamiento de las partes y personadas éstas por conducto de sus abogados defensores D. Rafael López Landrón, por parte del apelante, y Don José E. Martínez Quintero por la apelada, y sustanciado en forma el recurso, se señaló día para la vista, á

cuyo acto concurrieron los abogados defensores de las partes, que sostuvieron sus respectivas pretensiones y el Fiscal de este Tribunal Supremo que impugnó el recurso.

Abogado del apelante: Sr. López Landrón.

Abogado de la apelada: Sr. Martínez Quintero.

EL JUEZ PRESIDENTE SR. QUIÑONES, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

Aceptando los fundamentos de hecho y de derecho de la sentencia apelada.

*Considerando,* además, que el hecho de haber despedido D. Gregorio Rivera de la casa conyugal á su esposa Da. Catalina Morales en la mañana siguiente á la noche de su boda, entregándola á uno de sus amigos para que la condujera á su casa y se la entregara á sus padres bajo el pretexto de no haberla encontrado doncella al consumar el matrimonio aquella misma noche, constituye además de una injuria la más afrentosa que puede inferirse á una mujer honrada en tales circunstancias, el trato cruel, que es otro de los motivos que dan lugar al divorcio, con arreglo al artículo 164 del vigente Código Civil, tanto más injustificado cuanto, que, según resulta de la certificación expedida por los facultativos de esta Capital D. Manuel Figueroa, D. José Estéban Saldaña y D. José Ordoñez, que acompañó con su demanda Da. Catalina, reconocida ésta detenidamente á instancia de ella misma para que declararan si pudo ser ella virgen cinco días antes de la fecha de dicho reconocimiento, afirman los expresados facultativos que dicha Sra. estuvo virgen hasta el Domingo veinte y uno de Septiembre de 1902 que concuerda con la fecha indicada y en cuyo día tuvo lugar precisamente su matrimonio con Don Gregorio Rivera en cuya opinión se ratificaron bajo ju-

ramento ante el Juez Municipal del Distrito de la Cate-
dral de esta Ciudad y después en este mismo juicio, de
clarando el Dr. D. Manuel Figueroa en el acto del juicio
oral y los otros dos por imposibilidad de concurrir á
dicho acto, por tener que ausentarse de la Isla, ante el
mismo Juez Municipal de Catedral por comisión bas-
tante del Tribunal que venía conociendo del asunto y
previo aviso y citación de la parte contraria.

*Considerando*: en cuanto á la protesta de nulidad ale-
gada por la representación de D. Gregorio Rivera en el
acto del juicio oral y reproducida después ante esta Cor-
te Suprema en su alegato y en el acto de la vista por
no haberse prestado Da. Catalina Morales á ser reco-
nocida nuevamente en la forma propuesta por el Abogado
de su esposo y no haberla compelido el Tribunal á que
se prestara á dicho acto, que si bien la negativa de una
diligencia de prueba puede dar lugar á la nulidad de
la sentencia, esto se entiende cuando la prueba denegada
era admisible según las leyes y su falta podía producir
indefensión, lo que no sucede en el caso de autos toda
vez que el reconocimiento judicial de la persona de Da.
Catalina Morales propuesta por la representación del
demandado D. Gregorio Rivera, no era procedente con
arreglo á las leyes, que sólo autorizan el reconocimiento
judicial en los casos en que para el esclarecimiento y
apreciación de los hechos sea necesario que el Juez exa-
mine por sí mismo los lugares ó las cosas objeto de la
contención judicial, como lo prescribía el artículo 632
de la antigua Ley de Enjuiciamiento Civil, circunstan-
cias que no concurren en el presente caso, toda vez que
para el esclarecimiento de los hechos que se ventilaban
no era la inspección personal del Juez la prueba indica-
da ni mucho menos necesaria después de haber sido re-
conocida Da. Catalina por tres facultativos competentes,
por cuyo motivo no era la prueba de que se trata pro-

cedente con arreglo á las leyes que regulan aquella clase de prueba y estuvo por consiguiente en todo su derecho Da. Catalina Morales para negarse á ser reconocida en la forma propuesta por la representación del demandado, que por otra parte resultaba un acto ofensivo á su dignidad y contrario á la decencia; razón por la cuál no debió nunca ser admitida, y si lo fué no puede estimarse consentida, puesto que la ley procesal no concedía recurso alguno para combatirla.

*Considerando*: en cuanto á la negativa de la suspensión del juicio oral que solicitó la defensa del apelante para la presentación de los testigos que dejaron de concurrir al juicio y que se alega también como fundamento de la protesta, que careciendo el Tribunal de los elementos necesarios para juzgar de la importancia de las declaraciones de los testigos que dejaron de concurrir al juicio, no puede juzgarse hasta qué punto la falta de las declaraciones de aquellos testigos haya podido causar la indefensión de la parte que los propuso.

*Considerando*: que los mismos motivos que existen para estimar con lugar la demanda de divorcio de Da. Catalina Morales sirven para rechazar la reconvención propuesta por el demandado D. Gregorio Rivera.

Vistos los preceptos legales que se citan en la sentencia apelada y en la presente.

*Fallamos* que debemos confirmar y confirmamos la sentencia apelada de treinta de Junio de mil novecientos tres, con las costas al apelante; y declarando además sin lugar la reconvención propuesta por Don Gregorio Rivera.

Así, por nuestra sentencia, lo pronunciamos y firmamos.

Jueces concurrentes: Sres. Hernández, Figueras, Mac Leary y Wolf.